

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 7, 2006

The Honorable Eddie Lucio, Jr.
Chair, Committee on International
   Relations and Trade
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0482

Re: Whether a water rights fee imposed by the Public Utilities Board of the City of Brownsville is an impermissible impact fee under chapter 395 of the Local Government Code (RQ-0468-GA)

Dear Senator Lucio:

Chapter 395 of the Local Government Code limits the kinds of charges and assessments known as "impact fees" that political subdivisions may exact on real estate development. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 395.001–.082 (Vernon 2005). You ask whether a water rights fee imposed by the City of Brownsville is an impermissible impact fee prohibited by the chapter.[1]

The City of Brownsville charter establishes the Public Utilities Board (the board) as a "separate and distinct agency of the City" with authority to control, manage, and operate the city's water and sewage system.[2] We are informed that the board's rules and regulations require a developer to pay certain connection charges to receive city water service.[3] These charges include "water rights" fees and "impact" fees. City Brief, *supra* note 3, at 9; Association Brief, *supra* note 3, at 2–4. Concerning the water rights fee, the board's rules and regulations require a developer requesting water service for a development to either convey water rights measured in acre feet per acre, pay a per-acre water rights charge in lieu of transferring water rights, or possibly perform a prorated combination of the two. *See* City Brief, *supra* note 3, at 9–10; Association Brief, *supra* note 3, at 4. The purpose of the fee is to acquire water rights and otherwise provide for a water supply

---

[1] *See* Letter from Honorable Eddie Lucio, Jr., Chair, Committee on International Relations and Trade, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] *See* BROWNSVILLE, TEX., CITY CHARTER, art VI, § 1(a)–(b), *available at* http://citysecretary.cob.us/city_charter.asp (last visited Oct. 30, 2006).

[3] *See* Brief on behalf of the City of Brownsville, Texas and its Public Utility Board, from Richard D. O'Neil, Davidson & Troilo, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 9 (May 4, 2006) (hereinafter City Brief); Brief on behalf of the Lower Valley Builders and Developers Association, from Arthur Val Perkins, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas, at 3–4 (May 4, 2006) (hereinafter Association Brief) [briefs on file with the Opinion Committee].

to meet the board's current and future obligations. *See* City Brief, *supra* note 3, at 11–12; Association Brief, *supra* note 3, at 4. Nevertheless, the board requires payment of both the water rights fee and the separate impact fee before it will provide water service and maintains both a water rights fund and a separate impact fee fund. *See* City Brief, *supra* note 3, at 9–12, 15; Association Brief, *supra* note 3, at 3–4.

Under chapter 395, "a governmental entity or political subdivision may not enact or impose an impact fee" that is not specifically authorized by the chapter or other state law. TEX. LOC. GOV'T CODE ANN. § 395.011(a) (Vernon 2005). To impose an impact fee, a political subdivision must comply with detailed procedures and other requirements. *See generally id.* §§ 395.041–.058 (procedures for adoption of an impact fee). An impact fee may be used "only to pay the costs of constructing capital improvements or facility expansions." *Id.* § 395.012(a).

Your question is whether a "'water rights fee' imposed by [the board] amounts to an impermissible 'impact fee' under Chapter 395 of the Local Government Code." Request Letter, *supra* note 1, at 1. An impact fee is a fee or exaction on real property development. *See Salt Lake County v. Bd. of Educ.*, 808 P.2d 1056, 1058 (Utah 1991); *see generally* Ronald H. Rosenberg, *The Changing Culture of American Land Use Regulation: Paying for Growth With Impact Fees*, 59 SMU L. Rev. 177, 188–205 (2006). Chapter 395 does not broadly prohibit property development exaction; rather, it prohibits a political subdivision from levying impact fees without complying with chapter 395. *See* TEX. LOC. GOV'T CODE ANN. § 395.011(a) (Vernon 2005). Because chapter 395 applies only to impact fees, whether the chapter prohibits a particular property development exaction depends, as a threshold matter, on whether the exaction is an impact fee under the chapter.

Section 395.001 defines what constitutes an impact fee for chapter 395 purposes:

> "Impact fee" means a charge or assessment imposed by a political subdivision against new development in order to generate revenue for funding or recouping the costs of capital improvements or facility expansions necessitated by and attributable to the new development. The term includes amortized charges, lump-sum charges, capital recovery fees, contributions in aid of construction, and any other fee that functions as described by this definition.

*Id.* § 395.001(4) (further listing exclusions from the term's meaning, none of which are pertinent here). The section also defines "capital improvements" and "facility expansions":

> (1) "Capital improvement" means any of the following facilities that have a life expectancy of three or more years and are owned and operated by or on behalf of a political subdivision:
>
>> (A) water supply, treatment, and distribution facilities; wastewater collection and treatment facilities; and storm water, drainage, and flood control facilities; whether or not they are located within the service area; and

> (B) roadway facilities.
>
> . . . .
>
> (3) "Facility expansion" means the expansion of the capacity of an existing facility that serves the same function as an otherwise necessary new capital improvement, in order that the existing facility may serve new development. The term does not include the repair, maintenance, modernization, or expansion of an existing facility to better serve existing development.

*Id.* § 395.001(1), (3). From these definitions, an exaction is an impact fee under chapter 395 if it is a charge or assessment to fund or recoup the costs of capital improvements or facility expansions, or if it is a fee that functions as such a charge or assessment. *See id.* § 395.001(4). A capital improvement is one of the facilities listed in the statute—roadway facilities and "water supply, treatment, and distribution facilities; wastewater collection and treatment facilities; and storm water, drainage, and flood control facilities." *Id.* § 395.001(1)(A). And a facility expansion is an expansion of an existing facility's capacity that serves the same function as new capital improvement. *Id.* § 395.001(3). While the statute does not define the word "facility," the exclusive list of facilities that constitute a capital improvement in section 395.001(1) includes only physical infrastructure. *See id.* § 395.001(1). A "water rights" fee that is not used for the costs of physical infrastructure is accordingly not a fee for the costs of capital improvement or facility expansion as those terms are defined. *See id.* § 395.001(1), (3).

In addition to fees for capital improvement and facility expansion, the definition of an impact fee expressly includes certain charges, fees, and contributions, and "any other fee that functions as described by this definition." *See id.* § 395.001(4). To function "as described by this definition," a fee must be imposed to fund or recoup "the costs of capital improvements or facility expansions necessitated by and attributable to the new development." *Id.* The phrase "any other fee" cannot be construed to include fees other than those for physical infrastructure costs because chapter 395 also provides that "[a]n impact fee may be imposed only to pay the costs of constructing capital improvements or facility expansions." *See id.* § 395.012(a). A fee to construct a water supply facility is an impact fee under chapter 395, but a fee imposed solely for acquiring an adequate water supply is not. *See id.* § 395.001(1), (3)–(4); *id.* § 395.012(a). Because a "water rights fee" to procure a water supply is not an impact fee, it does not constitute an impermissible impact fee prohibited by chapter 395.

That is not to say, however, that the assessment and collection of the water rights fee is permissible. Questions have been raised, and the facts are disputed, whether the fee is actually used to acquire water rights or merely accumulates in a water rights fund. Moreover, the propriety of the fee on a basis other than chapter 395 is not entirely clear from the limited information provided us. But because that question has not been presented to us, and because the answer to that question appears to call for factual determinations, it is inappropriate for us to opine on it. *See* Tex. Att'y Gen. Op. No. GA-0186 (2004) at 6 (stating that this office does not resolve questions of fact).

## S U M M A R Y

A water rights fee imposed solely for the costs of procuring a water supply and not for facility construction costs is not an impermissible impact fee prohibited by chapter 395 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee